UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GUSTAVO RIVERA,<br><br>        *Plaintiff*,<br><br>v.<br><br>LLOYD J. AUSTIN, III,<br><br>        *Defendant*. | Civil Action No. 23-2150 (LLA) |

**MEMORANDUM OPINION**

      Gustavo Rivera filed this suit against Secretary of Defense Lloyd J. Austin, III, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, in connection with his employment at the Naval Surface Warfare Center in Dahlgren, Virginia. ECF No. 1. Secretary Austin moves to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a). ECF No. 11, at 6-11, 25. In the alternative, he seeks to have the matter transferred to the Eastern District of Virginia. *Id.* at 10-11, 25. Secretary Austin also moves to dismiss certain counts under Rule 12(b)(6) or, alternatively, for summary judgment in his favor pursuant to Rule 56. ECF No. 11, at 11-25. For the reasons explained, the court will grant Secretary Austin's motion in part and transfer the case to the Eastern District of Virginia.

**I.    Background**

      The court takes the allegations in Mr. Rivera's complaint as true for the purposes of deciding the pending motion. *James v. Verizon Servs. Corp.*, 639 F. Supp. 2d 9, 11 (D.D.C. 2009). Mr. Rivera, a Hispanic man over forty years old, worked at the Naval Surface Warfare Center's Dahlgren Division as a Senior Scientist and Technical Manager. ECF No. 1 ¶¶ 3, 7-9. Two of his

supervisors, John Fiore and John M. Seel, discriminated against him. *Id.* ¶ 107. Mr. Rivera confronted his managers about their discrimination and further informed management about his supervisors' actions. *Id.* ¶¶ 19-21, 32, 38, 40.

In February 2021, Mr. Rivera filed a formal complaint alleging race and age discrimination with his agency's equal employment opportunity ("EEO") office. *Id.* ¶ 130. In retaliation, he was excluded from panels, assignments, and crucial meetings, told to find his own work and funding, and removed from a lead position. *Id.* ¶¶ 130-46. He also faced unwelcome actions, comments, and behavior from his supervisors. *Id.* ¶¶ 148-49. All of the actions complained of occurred at the Naval Surface Warfare Center's Dahlgren Division. *Id.* ¶ 3.

After exhausting his administrative remedies, Mr. Rivera brought this action, alleging race and age discrimination, retaliation, and hostile work environment under Title VII and the ADEA. ECF No. 1.

## II.   Legal Standards

Under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a), the court may dismiss a case for improper venue. "'To prevail on a motion to dismiss for improper venue . . . the defendant must present facts that will defeat the plaintiff's assertion of venue,'" but "[t]he burden . . . remains on the plaintiff to prove that venue is proper when an objection is raised, 'since it is the plaintiff's obligation to institute the action in a permissible forum.'" *Roland v. Branch Banking & Tr. Corp.*, 149 F. Supp. 3d 61, 67 (D.D.C. 2015) (first quoting *Ananiev v. Wells Fargo Bank, N.A.*, 968 F. Supp. 2d 123, 129 (D.D.C. 2013); and then quoting *McCain v. Bank of Am.*, 13 F. Supp. 3d 45, 51 (D.D.C. 2014)). In considering a motion to dismiss for lack of venue, the court may consider materials outside of the pleadings without converting the motion into a motion for

summary judgment under Rule 56. *Winston & Strawn LLP v. L. Firm of John Arthur Eaves*, 47 F. Supp. 3d 68, 71-72 (D.D.C. 2014).

Section 1406(a) also authorizes the court to transfer a case from an improper venue to an appropriate venue "if it be in the interest of justice." Even where venue is proper, the court may transfer the case to another venue if it is "in the interest of justice" or "[f]or the convenience of parties and witnesses." 28 U.S.C. § 1404(a). "The decision whether a transfer or a dismissal is in the interest of justice . . . rests within the sound discretion of the district court." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983).

### III.   Discussion

The court will transfer the case to the Eastern District of Virginia because venue for Mr. Rivera's Title VII claims is not proper in the District of Columbia and transfer of the entire case, rather than transfer or dismissal of only the Title VII claims, is in the interest of justice and more convenient for the parties and witnesses. 28 U.S.C. §§ 1404(a), 1406(a).

**A.   The District of Columbia is not a Proper Venue for Mr. Rivera's Title VII Claims**

Venue in cases brought under Title VII is governed by 42 U.S.C § 2000e-5. Under that statute, the plaintiff may bring his action (1) "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed"; (2) "in the judicial district in which the employment records relevant to such practice are maintained and administered"; or (3) "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3). Additionally, if the defendant cannot be found in any of the above districts, the statute allows the action to be brought in "the judicial district in which the respondent has his principal office." *Id.*

Mr. Rivera raises several arguments in support of venue for his Title VII claims in the District of Columbia, but each fails. First, he argues that venue is proper in this district because

3

he travels to "offices in the District of Columbia region on average 2-3 times per week." ECF No. 13, at 12. But as Secretary Austin points out, Mr. Rivera alleges in his complaint that "all of the actions complained of herein took place at the Naval Surface Warfare Center, Dahlgren[, Virginia] Division." ECF No. 11, at 9 (quoting ECF No. 1 ¶ 3). Given that allegation, it is of no moment that Mr. Rivera may come into the District of Columbia for work. 42 U.S.C. § 2000e-5(f)(3); *see James v. Booz-Allen & Hamilton, Inc.*, 227 F. Supp. 2d 16, 20 (D.D.C. 2002) (explaining that "[v]enue cannot lie in the District of Columbia when 'a substantial part, if not all, of the employment practices challenged in this action' took place outside the District even when actions taken in the District 'may have had an impact on the plaintiff's situation'" (quoting *Donnell v. Nat'l Guard Bureau*, 568 F. Supp. 93, 94 (D.D.C. 1983))). Mr. Rivera cannot rely on the first prong of Section 2000e-5(f)(3) to establish venue in this district.

Second, Mr. Rivera contends that his "employment records are maintained and administered at the U.S. Office of Personnel Management located . . . in Washington[,] D.C." ECF No. 13, at 13. To counter this, Secretary Austin submitted a declaration from Margaret A. Regan, the Staffing and Classification Branch Head at the Naval Surface Warfare Center in Dahlgren, Virginia, in which she states that Mr. Rivera's electronic official personnel file is maintained in the state of Washington. ECF No. 11-1, at 2. Secretary Austin also submitted a declaration from Jennifer E. Clift, Mr. Rivera's immediate supervisor, in which she asserts that Mr. Rivera's performance records, including his performance ratings, yearly objectives, and salary information, are created and maintained by the Naval Surface Warfare Center in Dahlgren, Virginia. ECF No. 18, at 23.[1] Mr. Rivera's only rebuttal to these declarations is his own

---

[1] While Secretary Austin submitted this declaration with his reply brief, Mr. Rivera did not seek to file a surreply to rebut it.

4

conclusory statement that his personnel records are maintained in the District of Columbia, but the court need not credit such an assertion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the court is "not bound to accept as true a legal conclusion couched as a factual allegation" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). It is Mr. Rivera's burden to establish venue, *see Roland*, 149 F. Supp. 3d at 67, and he has not done so under Section 2000e-5(f)(3)'s second prong.

Third, Mr. Rivera argues that due to "the nature of his position, absent alleged discrimination, [he] could be promoted and transferred to the District of Columbia even though [his] duty station is in Dahlgren, Virginia." ECF No. 13, at 13. In his complaint, however, Mr. Rivera does not allege that he was denied transfers or promotions for positions in the District of Columbia, nor is there any evidence that he exhausted such claims during administrative proceedings. Mr. Rivera's statement is thus a conclusory assertion that the court will not credit. *See Iqbal*, 556 U.S. at 678. In the absence of any non-conclusory statements about transfers to or promotions in the District of Columbia, Mr. Rivera has not carried his burden of proving venue in this district under Section 2000e-5(f)(3)'s third prong.

Finally, Mr. Rivera contends that venue in the District of Columbia is proper because Secretary Austin's "principal office" is located in this district. ECF No. 13, at 13-14. But this basis for venue only arises if the defendant cannot be found in any other district where venue is appropriate. 42 U.S.C. § 2000e-5(f)(3). That is not the case here, where the rest of the Section 2000e-5(f)(3) analysis indicates that venue is proper in the Eastern District of Virginia. In any event, Secretary Austin's "principal office" is the Pentagon, which is located in the Eastern District of Virginia. *McGrone v. Austin*, No. 21-CV-472, 2022 WL 888194 at *2 (D.D.C. Mar. 25, 2022) ("Courts have consistently held that the Secretary of Defense's 'principal

office' is not in the District of Columbia, but rather at the Pentagon—which is located in the Eastern District of Virginia.").

Accordingly, venue for Mr. Rivera's Title VII claims is not proper in the District of Columbia.

### B. The District of Columbia is a Proper Venue for Mr. Rivera's ADEA Claims

Venue for ADEA claims is not governed by a specific provision, but instead falls under the general venue statute for claims against officers of agencies acting in their official capacities, 28 U.S.C. § 1391(e). Under that statute, venue is proper where (1) the defendant resides; (2) a substantial part of the events giving rise to the action occurred; or (3) the plaintiff resides. *Id.*

As noted, Secretary Austin's "principal office" is in the Eastern District of Virginia. *McGrone*, 2022 WL 888194 at *2. Mr. Rivera argues—correctly—that federal officers can have more than one residence and that venue is proper in the District of Columbia because Secretary Austin does official work here. ECF No. 13, at 15-16; *see Chin-Young v. Esper*, No. 18-CV-2072, 2019 WL 4247260, at *5 (finding venue proper in both the Eastern District of Virginia and the District of Columbia in an ADEA suit against the Secretary of Defense). Accordingly, this district is a proper venue for Mr. Rivera's ADEA claims.

### C. Transfer to the Eastern District of Virginia is Appropriate

When venue in this district is proper for one set of claims but improper for another, "[i]t is in the interest of justice to transfer the entire complaint rather than have it heard in two different venues." *In re O'Leska*, No. 00-5339, 2000 WL 1946653, at *1 (D.C. Cir. Dec. 7, 2000) (per

curiam) (citing 28 U.S.C. § 1404(a)). The court is of the view that transferring the entire case, rather than transferring or dismissing only the Title VII claims, is in the interest of justice.[2]

Mr. Rivera argues that the entire case should remain in this district under the doctrine of "pendent venue." ECF No. 13, at 14. That doctrine "permits a court to hear causes of action not properly venued in its district when they are joined in a suit with a cause of action that is properly there." *Gardner v. Marbus*, 49 F. Supp. 3d 44, 48 (D.D.C. 2014). It is doubtful that the court could assume pendent venue over Mr. Rivera's Title VII claims, "because the authority in this Circuit indicates that when a plaintiff brings a Title VII action, which is covered by Title VII's restrictive venue provision, as well as an action governed by the general venue provision, the narrower venue provision of § 2000e-5(f)(3) controls." *Dehaemers v. Wynne*, 522 F. Supp. 2d 240, 249 (D.D.C. 2007). But even if the doctrine of pendent venue applied, "convenience of the witnesses and judicial efficiency counsel hearing the case in Virginia, where all the evidence and witnesses . . . are found." *Gardner*, 49 F. Supp. 3d at 48.

### IV.   Conclusion

For the foregoing reasons, the court will transfer the case to the Eastern District of Virginia but otherwise deny Secretary Austin's motion without prejudice to his renewing his arguments in that district. Additionally, the court will direct Secretary Austin to respond to the complaint no later than twenty-one days after the case is docketed in the Eastern District of Virginia. An Order consistent with this Memorandum Opinion will issue contemporaneously.

---

[2] While the court concludes that dismissal under Rule 12(b)(3) is not warranted, it takes no position on Secretary Austin's arguments for dismissal under Rule 12(b)(6) or summary judgment under Rule 56. The court will direct Secretary Austin to respond to the complaint no later than twenty-one days after the case is docketed in the Eastern District of Virginia.

**SO ORDERED**.

/s/ Loren L. AliKhan
LOREN L. ALIKHAN
United States District Judge

Date: August 21, 2024